UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [35]

### I. Introduction

Before the Court is Defendant Robinson Helicopter Co., Inc.'s ("Robinson Helicopter" or "Defendant") motion for summary judgment. ECF No. 35. For the following reasons, Defendant's motion is GRANTED.

### II. Factual and Procedural History

The present case concerns an alleged breach of contract by Robinson Helicopter related to its refusal to reimburse Plaintiffs BC Dental, Inc. ("BC Dental") and Starr Indemnity and Liability Company ("Starr Indemnity") (collectively, "Plaintiffs") pursuant to an express warranty on one of its helicopters in the aftermath of a tragic crash. The facts related to that crash are largely undisputed and not pertinent to the Court's legal analysis in this order; they will accordingly be provided below only briefly.

#### A. Purchase of the Subject Helicopter

BC Dental is a company owned and operated by Dr. Brent Mutton ("Mutton"). Response to Statements of Genuine Disputes ("RSGD") 8, ECF No. 44. On August 28, 2018, BC Dental purchased a

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

model R44 helicopter, Reg. No. N4046J (the "Subject Helicopter"), manufactured by Robinson Helicopter from JR Aviation, Inc. ("JR Aviation"), an independent helicopter dealership located in Sellersburg, Indiana. RSGD 7–9.[1] Pursuant to the purchase agreement signed by Mutton for BC Dental, the helicopter was issued with a limited and exclusive warranty. RSGD 10. That warranty was only a single page long, but it contained several pertinent clauses. Tauscher Decl., Ex. A ("Warranty"), ECF No. 28-1. One such provision is that the terms of the express warranty are exclusive and all other warranties are waived: "THE FOREGOING WARRANTY IS EXCLUSIVE AND IS GIVEN AND ACCEPTED IN LIEU OF ANY AND ALL OTHER WARRANTIES AND REPRESENTATIONS, EXPRESS, IMPLIED, OR STATUTORY, WHETHER WRITTEN OR ORAL, INCLUDING WITHOUT LIMITATION ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR TRADE USAGE, THE REMEDIES OF THE BUYER SHALL BE LIMITED TO THOSE PROVIDED HEREIN." *Id.* Another provision specifies the process by which the warranty is to be invoked. "Warranty adjustments with respect to any helicopter or parts manufactured by RHC will be made only upon compliance with the following procedure: (1) The defective part or assembly, together with a written Warranty Claim, must be returned to RHC not later than thirty (30) days after discovery of the defect nor more than thirty (30) days after expiration of the Warranty period. (2) RHC will, after inspection, determine whether the material or part was defective when it left the factory and will respond accordingly. Final determination of a Warranty adjustment rests with RHC." *Id.*

### B. First and Second Emergency Landings

Mutton was piloting the Subject Helicopter in Florida on March 31, 2019, when the Subject Helicopter's engine lost power. RSGD 18. Mutton was forced to make an emergency landing. *Id.* He did so in a nearby field without injury and without damage to the Subject Helicopter. *Id.*

---

[1] The Helicopter Purchase Agreement contained the following language: "Buyer acknowledges that the DEALER/SELLER IS AN INDEPENDENT SELLER OF AIRCRAFT AND NOT AND AGENT OF ROBINSON HELICOPTER COMPANY." RSGD 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

After this emergency landing, Mutton contacted JR Aviation in Sellersburg, Indiana (the dealer from whom he purchased the Subject Helicopter) to request assistance. RSGD 19. JR Aviation informed Mutton that it would be more efficient for a maintenance organization in Florida to inspect the Subject Helicopter. RSGD 20. Mutton then performed an internet search for nearby helicopter repair organizations and found Florida Suncoast, a helicopter retailer and repair center located in the Tampa area. RSGD 21. Mutton contacted JR Aviation to confirm if Florida Suncoast was "a legitimate dealer." Tauscher Decl. Ex. C (Mutton Dep.) at 11:18–25, ECF No. 35-1. JR Aviation "okayed [Florida Suncoast] as a legitimate dealer." *Id.* Mutton subsequently hired Florida Suncoast to perform an inspection of the Subject Helicopter and to perform any needed maintenance to address the loss of power. RSGD 22.

Florida Suncoast was able to perform sufficient troubleshooting and repairs to get the Subject Helicopter's engine to start. RSGD 24. But Florida Suncoast also thought additional repairs were needed. *Id.* On April 4, 2019, an employee of Florida Suncoast attempted to fly the Subject Helicopter from the field in which Mutton had performed his emergency landing to Florida Suncoast's repair facility. RSGD 25–26. During that flight, the Subject Helicopter once again suffered a loss of engine power. RSGD 27. Its pilot performed an emergency landing. *Id.* During that process, the Subject Helicopter slid. *Id.* One of its rotor blades impacted a utility pole, causing a section of the damaged blade to fly off, impact a vehicle, and kill one of that vehicle's occupants while injuring another. *Id.* The pilot of the Subject Helicopter was not injured. RSGD 28. There are currently several parallel cases proceeding in various California and Florida courts pertaining to this accident. RSGD 1–6.

The U.S. National Transportation Safety Board ("NTSB") investigated the incident and determined that the loss of power was due to the failure of an inlet duct hose which provides air to the engine. RSGD 29; *see also* Tauscher Decl. Ex. G (NTSB Report) at 4, ECF No. 35-1 ("Examination of the engine revealed that the induction air inlet duct was partially collapsed. The inner rubberized fabric liner of the duct had partially delaminated and separated from the outer rubberized fabric, obstructing the interior volume of the duct."). Robinson does not dispute NTSB's findings. Hr'g Jan. 22, 2024, ECF No. 46. That inlet hose was manufactured by an Ohio-based company, HBD Industries and HBD/Thermoid. RSGD 30.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

### C. Aftermath of the Accidents

The underlying facts become messier from this point forward.

The Subject Helicopter was damaged in the second emergency landing, as chronicled in the NTSB accident report: "Both main rotor blades were fractured at the tips and had cable cuts along the blades. The skids on the helicopter were damaged, consistent with a hard landing, and the skids' rear cross-tube was fractured. The tailcone was buckled on the top located at the second bay. One pitch link for the rotor blade had fractured and separated. The vertical firewall was wrinkled at the lower right corner." Tauscher Decl. Ex. G (NTSB Report) at 4, ECF No. 35-1.

After the accident, the Subject Helicopter was stored at a facility operated by Florida Air Recovery & Storage, LLC in Jacksonville, Florida. Further Decl. of John R. Hanson ¶ 1, ECF No. 56. The Subject Helicopter remains there to this day. *Id.* Starr Indemnity pays for this storage on a quarterly basis. *Id.* Based on the record before the Court, it is unclear precisely when the Subject Helicopter was moved into storage at this facility.

On April 22, 2019, Kurt Robinson (President of Robinson Helicopter) (hereinafter, to avoid confusion, "Kurt Robinson") sent an email to Mutton requesting a copy of another email and the name and contact information of Mutton's insurance agent. He concluded his email with the following language: "Once we receive this information we will reach out to both parties and **request that your aircraft be stored at our facility until the matter is resolved or they release the aircraft**." Hanson Decl. Ex. C (April 22, 2019, email from Kurt Robinson to Mutton), ECF No. 39-4 (emphasis added).

On May 1, 2019, representatives of Executive Helicopters, Inc. ("Executive Helicopters") visually inspected the Subject Helicopter. Further Decl. of John R. Hanson Ex. A (May 6, 2019, letter from Executive Helicopters to Starr Indemnity), ECF No. 56-1. Executive Helicopters performed this inspection "at the behest" of Starr Indemnity. Further Decl. of John R. Hanson ¶ 1-c. Executive Helicopters chronicled extensive damage to the Subject Helicopter and ultimately concluded that "the

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

total price for our company to perform the repairs necessary to [the Subject Helicopter] would equal or exceed the current retail price of a comparably equipped make and model helicopter new from the factory." Further Decl. of John R. Hanson Ex. A (May 6, 2019, letter from Executive Helicopters to Starr Indemnity), ECF No. 56-1.

In June 2019, Mutton and Kurt Robinson engaged in email correspondence regarding Mutton's desire to have Robinson Helicopter repair or replace the Subject Helicopter. Mutton wrote the following:

> Kurt, this is the card I have been dealt. The insurance company wants to settle the hull damage claim. **The only way I see to get me flying again is to order a new helicopter.** I will be ordering a new R44 within the next few weeks. I will need to add a significant amount of money along with the insurance claim to pay for the new bird. Then, I will need to litigate with Robinson for the difference plus any punitive damages as advised by counsel. It seems to me Robinson helicopter company will be buying me a new helicopter and paying retail price. This approach seems wasteful and distasteful. What is your opinion?

Hanson Decl. Ex. C (June 24, 2019, email from Mutton to Kurt Robinson), ECF No. 39-4 (emphasis added). In response, Kurt Robinson wrote the following:

> Mr. Goetz is **working with your insurance company (and their attorney) to see if we can find a resolution and get you back flying as quickly as possible.** The difficulty is the parties involved (and their attorneys) and getting them to reach an agreement. I agree with you that it would be wasteful to litigate this and we are pressing the other parties to work with us to find a solution sooner rather than later.

Hanson Decl. Ex. C (June 24, 2019, email from Kurt Robinson to Mutton), ECF No. 39-4 (emphasis added).

On June 25, 2019, Robinson Helicopter prepared an estimate of what it would cost the company to repair the Subject Helicopter based on photographic evidence available to it. Tauscher Decl. Ex. I

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

(Robinson Helicopter's Repair Estimate), ECF No. 35-1. That estimate pegged the cost of parts and repairs at $187,140.00 with an additional cost of $55,968.00 for labor. *Id.* The estimate also contained the following disclaimer: "THIS ESTIMATE IS BASED SOLELY ON PHOTOS PROVIDED. A DETAILED INSPECTION WILL BE PERFORMED **ONCE THE ROTORCRAFT ARRIVES AT RHC'S REPAIR STATION.**" *Id.*

On July 10, 2019, Robinson Helicopter sent a copy of the June 25, 2019, repair estimate to Plaintiffs as an attachment to a settlement offer.[2] Tauscher Decl. Ex. J (July 10, 2019, letter from Tim Goetz to Alexander Muszynski III), ECF No. 35-1. That letter described the attached repair estimate as "a conservative estimate" while also noting that "RHC is willing to provide assurances that there will be no further charges incurred to return the vehicle to service." *Id.* The letter also noted that it was intended to "memorialize our discussions regarding **RHC's proposal to get Dr. Mutton flying again as soon as possible**." *Id.* (emphasis added). The letter concluded with the following: "We believe RHC's proposal is more than generous and relies upon RHC's ability to seek reimbursement from other parties by way of a subrogation action in the name of Releasor(s) if appropriate, with Releasor(s) pledging full cooperation in such action, and **Releasor(s) cooperation in assisting RHC in having the subject helicopter returned to RHC's factory in an expedient manner**." *Id.* (emphasis added).

On March 3, 2020, Robinson Helicopter sent another settlement offer to Plaintiffs. This offer contained the following language:

> We have received your email wherein your client requested additional non-standard equipment which was not included on the subject helicopter as originally equipped, and was not previously discussed or negotiated. The subject helicopter is repairable given the relatively limited damage it sustained in the incident. However, in the interest of expediency and in good faith, Robinson

---

[2] Plaintiffs' opposition to Defendant's summary judgment motion points out that Robinson Helicopter's current counsel also participated in these settlement negotiations and therefore would be "percipient witnesses" with "personal knowledge of facts relevant" to a determination of whether Robinson Helicopter should be equitably estopped from asserting Plaintiffs failed to comply with the express warranty. Yet Plaintiff does not seek to have the Court do anything with this information. In fact, "[t]o be sure, Plaintiffs do not contend that Mr. Goetz and Ms. Tauscher should be disqualified from representation." Pls.' Opp. to Def.'s Mot. for Summ. J. 13, ECF No. 39.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

> Helicopter Company . . . has offered to replace the subject helicopter with a brand new 2020 model R44 Raven II, complete with 2020-year equipment and any standard updates. As with any new helicopter order, additional options and equipment are available for the current purchase price. If your client would like to include any additional equipment, please advise us promptly and we will provide the additional cost.

Tauscher Decl. Ex. K (March 3, 2020, letter from Catherine Tauscher to Alexander Muszynski III), ECF No. 35-1.

In response to a subsequent letter from Plaintiffs' counsel (which is not included in the record before the Court), Robinson Helicopter's counsel wrote the following:

> In response to your correspondence of March 9, 2020, we reiterate that Robinson's offer of a brand new 2020 R44 II helicopter to replace the damaged, but repairable, aircraft involved in the accident was **made in an effort to quickly resolve your client's claim and allow him to get back flying**. It is well beyond what Robinson is required to offer under the circumstances. Your client's assertion that this new aircraft should be provided "at cost or 20% discount" was never part of any prior discussion, and does not reflect actual pricing or value. As previously stated, as with any new order, your client may add additional equipment for the standard price.

Tauscher Decl. Ex. K (March 13, 2020, letter from Catherine Tauscher to Alexander Muszynski III), ECF No. 35-1.

On August 11, 2020, NTSB published its report on the Subject Helicopter's power failure and subsequent accident.[3]

---

[3] This information is publicly available on NTSB's website upon querying Accident Number/NTSB # ERA19FA142. Aviation Investigation Search, NTSB, https://www.ntsb.gov/Pages/AviationQueryv2.aspx (https://perma.cc/8JP3-GAYA). The Court takes judicial notice of this information "as it was made publicly available by government entities . . . and neither party disputes the authenticity of the web site[] or the accuracy of the information displayed therein." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (citing Fed. R. Evid. 201).

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

At some point, Starr Indemnity paid Mutton $450,000.00 to reimburse him for what it deemed to be the total loss of the Subject Helicopter. First Am. Compl. ¶ 21, ECF No. 27. The precise date on which that payment was made is not in the record before the Court.

### D. Procedural History

Plaintiffs filed their initial complaint on March 29, 2023. ECF No. 1. Robinson Helicopter moved to dismiss on June 2, 2023. ECF No. 17. The Court granted Robinson Helicopter's motion to dismiss on July 27, 2023, finding that Plaintiffs had failed to allege compliance with the terms of the express warranty and that any implied warranties had been disclaimed. ECF No. 26. Plaintiffs were given fourteen days to amend their complaint. *Id.*

Plaintiffs' First Amended Complaint ("FAC"), filed on July 19, 2023, asserted two causes of action against Robinson Helicopter: (1) breach of express warranty, and (2) breach of implied warranty. FAC ¶ 31–44, 45–59, ECF No. 27. Defendant filed a motion to dismiss Plaintiffs' FAC on July 27, 2023. ECF No. 28. The Court held a hearing on November 11, 2023, during which it granted the parties seventy-five days to conduct discovery. ECF No. 33. On December 11, 2023, Defendant moved for summary judgment. ECF No. 35. The Court heard from the parties regarding this motion on January 22, 2023. ECF No. 46. At that point, the Court had insufficient information to resolve the instant motion. The Court therefore conducted an additional hearing on February 5, 2023, in which it asked the parties its lingering questions. ECF No. 52. The parties provided the Court with additional information at that hearing; the Court ordered the parties to provide any other relevant information in supplemental declarations to be submitted within ten days.

### E. Timeline of Events

For the convenience of the reader, the Court has prepared the following timeline of important events.

- August 28, 2018: BC Dental purchases the Subject Helicopter from JR Aviation.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

- March 31, 2019: first emergency landing of the Subject Helicopter occurs.
- April 4, 2019: second emergency landing of the Subject Helicopter occurs, resulting in death and injury to bystanders and damage to the Subject Helicopter.
- April 22, 2019: Robinson Helicopter first requests that the Subject Helicopter be turned over so that it may be stored at its facility.
- May 1, 2019: visual inspection of the Subject Helicopter is undertaken by Executive Helicopters at the behest of Starr Indemnity; Executive Helicopters declares the Subject Helicopter to be a total loss.
- June 24, 2019: Robinson Helicopter characterizes its attempts at settlement as an effort to get Mutton flying again as soon as possible.
- June 25, 2019: Robinson Helicopter estimates repair costs of $187,140.00 for parts with an additional cost of $55,968.00 for labor.
- July 10, 2019: Robinson Helicopter makes a settlement offer to Plaintiffs, which it characterizes as a proposal to get Mutton flying again as soon as possible. That offer also reiterates that Robinson Helicopter wants the helicopter returned.
- March 3, 2019: Robinson Helicopter makes a settlement offer of a new 2020 helicopter to Plaintiffs. Robinson Helicopter also indicates that Plaintiff may purchase additional features on that new helicopter at normal retail price.
- August 11, 2020: NTSB report is published.
- March 29, 2023: Plaintiffs file their complaint.

### III. Legal Standards

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
| Title | BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al. | | |

genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). "On an issue as to which the nonmoving party will have the burden of proof . . . the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although a court must draw all inferences from the facts in the non-movant's favor, *id.* at 255, when the non-moving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, [the] court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremukun*, 509 F.3d at 984.

### IV. Discussion

#### A. The Express Warranty's Terms Control

"A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty. Accordingly, the 'requirements' imposed by an express warranty claim are . . . imposed by the warrantor." *Cipollone v. Liggett Grp.*, 505 U.S. 504, 525 (1992). "Thus it is that express warranty claims are said to sound in contract rather than in tort." *Id.* at 525 n.23; *see also In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 984 (C.D. Cal. 2015) ("An express warranty is a term of the parties' contract.") (citing *A.A. Baxter Corp. v. Colt Industries, Inc.*, 88 Cal. Rptr. 842, 848 (Cal. 4th App. Dist. 1970)). But warranties are less two-sided than a traditional contract. "Language in a written warranty agreement is 'contractual' in the sense that it creates binding, legal obligations on the seller . . . but a warranty does not impose binding obligations on the buyer." *Norcia v. Samsung Telecomms. Am.*,

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

*LLC*, 845 F.3d 1279, 1288 (9th Cir. 2017). With that said, "[a] buyer may have to fulfill certain statutory conditions to obtain the benefit of a warranty." *Id.* "A condition that must be satisfied before a consumer can enforce a warranty is not equivalent to a freestanding obligation that limits a buyer's rights outside of the scope of warranty itself." *Id.*

"To prevail on a breach of express warranty claim under California law, a plaintiff must prove that: '(1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached.'" *In re ConAgra Foods*, 90 F. Supp. 3d at 984 (citing *Allen v. ConAgra Foods, Inc.*, Case No. 13-cv-01279-JST, 2013 U.S. Dist. LEXIS 125607, 2013 WL 4737421, at *11 (N.D. Cal. Sept. 3, 2013)). "[A] plaintiff cannot state a claim for breach of express warranty unless he meets the conditions precedent prescribed by the express warranty." *Klaehn v. Cali Bamboo, LLC*, No. 19-CV-1498 TWR (KSC), 2021 U.S. Dist. LEXIS 136603, 2021 WL 3044166, at *44 (S.D. Cal. June 14, 2021) (quoting *Taliaferro v. Samsung Telecomms. Am., LLC*, No. 3:11-CV-1119-D, 2012 U.S. Dist. LEXIS 6221, 2012 WL 169704, at *2 (N.D. Tex. Jan. 19, 2012) (applying California law)).

Robinson does not dispute that the first two elements of Plaintiffs' breach of warranty claim are satisfied. Def.'s Mot. for Summ. J. 15, ECF No. 35. Instead, Robinson argues that Plaintiffs failed to comply with both of the express warranty's requirements, i.e., (1) Plaintiffs failed to submit a written claim, and (2) Plaintiffs failed to return the helicopter to Robinson.

### B. Plaintiffs Failed to Comply with Both of the Express Warranty's Requirements

As a reminder, the language in the express warranty is as follows: "Warranty adjustments with respect to any helicopter or parts manufactured by RHC will be made only upon compliance with the following procedure: (1) The defective part or assembly, together with a written Warranty Claim, must be returned to RHC not later than thirty (30) days after discovery of the defect nor more than thirty (30) days after expiration of the Warranty period. (2) RHC will, after inspection, determine whether the material or part was defective when it left the factory and will respond accordingly. Final determination of a Warranty adjustment rests with RHC." Tauscher Decl., Ex. A (Warranty), ECF No. 28-1.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

### 1. Plaintiffs Complied with the Written Claim Requirement

Robinson Helicopter denies that Plaintiffs submitted a written warranty claim. *See, e.g.*, Def.'s Mot. for Summ J. 18 (asserting lack of written warranty claim in a conclusory fashion); RSGD 17 (pointing out that Robinson Helicopter's website has a warranty claim form). This argument is unpersuasive.

There is evidence in the record of written communications between Plaintiffs and Plaintiffs' counsel and Robinson and Robinson's counsel discussing the incident and engaging in settlement negotiations. Hanson Decl., Ex. C (April 22, 2019, email from Kurt Robinson to Brent Mutton), ECF No. 39-4; Tauscher Decl., Ex. J (Settlement Negotiations), ECF No. 35-1. These communications clearly show that Robinson was notified in writing of the incident and of Plaintiffs' intent to make a claim under the warranty. Moreover, the earliest of these exchanges took place within thirty days of the first emergency landing; that landing occurred on March 31, 2019, and there is evidence in the record of written communications between Mutton and Kurt Robinson on April 22, 2019.

Robinson's suggestion that Plaintiffs failed to meet this obligation because it failed to use the warranty claim form found on its website is unavailing. Under California contract law, "any ambiguity must be resolved against the contract's drafter." *Fauceglia v. Univ. of S. Cal.*, No. CV 19-4738 FMO (JEMx), 2021 U.S. Dist. LEXIS 87530, 2021 WL 1783228, at *17 (C.D. Cal. Mar. 29, 2021) (citing Cal. Civ. Code § 1654). The warranty makes no reference to use of a particular written claim form found on Robinson's website. Because Robinson drafted the express warranty, the Court must construe the warranty against Robinson. And because this is a motion for summary judgment, the Court must draw all inferences from the facts in favor of the non-moving party. The Court, therefore, is unwilling to say that Plaintiffs failed to comply with the express warranty's written claim requirement.

### 2. Plaintiffs Did Not Comply with the Return Requirement

Plaintiffs concede that the Subject Helicopter "was never returned to Robinson at any time." RSGD 34. To date, nearly five years after the accident, the Subject Helicopter remains in a storage

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

facility in Florida paid for by Starr Indemnity. It is therefore obvious that Plaintiffs have not complied with the terms of the express warranty.

Plaintiffs argue that the warranty is ambiguous insofar as it does not "specify the way in which the allegedly defective part of assembly must be returned to Robinson for analysis." Pls.' Opp. to Def.'s Mot. for Summ. J. 7. While it is true that the warranty does not specify the way in which the Subject Helicopter or its defective parts should be returned to Robinson, that ambiguity does not matter in this situation, in which no return was attempted at all. At no point in their opposition do Plaintiffs argue that they made any attempt to return the Subject Helicopter to Robinson Helicopter.

Given the above, Plaintiffs can only defeat summary judgment if their failure to comply with the return requirement is, for some reason, excused.

### C. None of Plaintiffs' Arguments as to Why the Court Should Excuse Their Failure to Comply with the Conditions of the Express Warranty are Persuasive

#### 1. The Court Need Not Evaluate Whether Robinson Waived the Written Claim Requirement

Plaintiffs assert that Robinson Helicopter waived the notice provisions of the express warranty by engaging in "written correspondence contemplating repair and/or replacement of the Subject Helicopter." Pls.' Opp. to Def.'s Mot. for Summ. J. 9, ECF No. 39. Because the Court finds that Plaintiffs complied with the written claim requirement of the express warranty, there is no need to evaluate this argument.

#### 2. The Court Construes Plaintiffs' Argument Regarding Compliance with the Express Warranty's Return Requirement as an Argument for the Impossibility/Impracticability of Compliance and Finds That Compliance Was Not Impossible

In its opposition to Defendant's motion for summary judgment, Plaintiffs conflate an impracticability/impossibility argument with a waiver argument. *See* Pls.' Opp. to Def.'s Mot. for

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

Summ. J. 10–11 ("Robinson further contends that Plaintiffs' possession of the Subject Helicopter beyond thirty (30) days post-incident is *prima facie* evidence of a failure to meet a condition precedent to the Limited Aircraft Warranty, but neglects to consider the practical impossibility of such compliance."). The Court construes this argument as an argument for impracticability/impossibility and evaluates it accordingly.[4]

"Impossibility is defined 'as not only strict impossibility but [also] impracticability because of extreme and unreasonable difficulty, expense, injury, or loss involved.'" *SVAP III Poway Crossings, LLC v. Fitness Internat., LLC*, 87 Cal. App. 5th 882, 893, 303 Cal. Rptr. 3d 863 (Cal. 4th App. Dist. 2023) (quoting *Autry v. Republic Productions, Inc.*, 180 P.2d 888, 891 (Cal. 1947)). The Second Restatement of Contracts defines impracticability as follows:

> Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary.

Restatement (Second) of Contracts § 261 (Am. Law Inst. 1981).

Plaintiffs' impracticability/impossibility argument invokes two obstacles that stood in the way of its compliance. First, "because the April 4 incident involved a fatality, federal law requires NTSB notification and investigation. While the NTSB conducted its investigation, it was in sole possession of the Subject Helicopter and the associated wreckage." Pls.' Opp. to Def.'s Mot. for Summ. J. 10, ECF No. 39 (citations omitted). Next, Plaintiffs claim that "[f]ollowing the investigation, BC Dental was put on notice of upcoming litigation by the family of the decedent killed by the liberated rotor blade fragment, and litigation arising therefrom continues today." *Id.* at 10–11. "Consequently, the wreckage

---

[4] Defendants' motion for summary judgment preemptively framed the issue in the same way: "Plaintiffs may also try to argue that the investigation by the NTSB made a return of the helicopter within 30 days an **impossibility**. This argument is negated by the fact that even after the helicopter was released by the NTSB, they refused to return it to Robinson, or to assign the rights to Robinson so repairs could be made." Def.'s Mot. for Summ. J. 18, ECF No. 35 (emphasis added) (citations omitted).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

could not be transferred from BC Dental to Robinson, and this alone is" a sufficient basis to defeat Defendant's summary judgment motion. *Id.* at 11.

Before looking at the two scenarios outlined by Plaintiffs, the Court also notes that return of the Subject Helicopter could have been rendered impossible by the destruction of that vehicle or some other situation rendering it physically incapable of being moved. All evidence in the record indicates that the Subject Helicopter was not destroyed and exists in such a state that it was capable of being returned. In a hearing, the Court inquired about the Subject Helicopter's transportability. Defense counsel represented that "it would clearly be transportable. These are not large aircrafts. They can go on any standard flatbed truck or shipping container." Tr. of Feb. 5, 2024, Hr'g at 4:24–5:1, ECF No. 53. In response to that statement, Plaintiffs' counsel conceded "[t]hat's true." *Id.* at 5:4.

The first event which Plaintiffs theorize could have rendered return of the Subject Vehicle impossible is the NTSB investigation into the Subject Helicopter's failure. That event may have prevented Plaintiffs from returning the helicopter to Robinson if the Subject Helicopter was in the possession of or under the control of NTSB. Plaintiffs argue as much in their briefs. *See, e.g.*, Pls.' Opp. to Def.'s Mot. for Summ. J. 10, ECF No. 39 ("While the NTSB conducted its investigation, it was in sole possession of the Subject Helicopter and the associated wreckage."). But NTSB published its completed report on August 11, 2020—over three and a half years ago. Plaintiffs admit that the Subject Helicopter is now being stored at a facility in Florida which Starr Indemnity is paying for; accordingly, NTSB no longer has custody of the Subject Helicopter, if it ever did. Additionally, Plaintiffs offer no explanation for why NTSB could not have examined the Subject Helicopter after it had been transported to Robinson Helicopter's facility.

Next, Plaintiffs argue that their potential involvement in litigation resulting from a death and severe injury attributable to the malfunction of the Subject Helicopter could have made it impossible for Plaintiffs to surrender the Subject Helicopter to Robinson Helicopter. The Court specifically inquired of the parties whether the Subject Helicopter was being stored in Florida pursuant to another court's order. Tr. of Feb. 5, 2024, Hr'g at 5:5–12, ECF No. 53. The parties agreed that no such order existed. *Id.* In a subsequent declaration, Plaintiffs represented that "there is agreement among the parties [in the Florida

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

litigation] that the aircraft will remain in Florida until the conclusion of the litigation." Further Decl. of John R. Hanson ¶ 1-b, ECF No. 56. A voluntary agreement amongst the parties, which may have been entered into subsequently to the elapsing of the thirty-day window in which Plaintiffs were obligated to return the Subject Helicopter, does not constitute the type of impossibility which would discharge the conditions of the express warranty.

Despite follow up questions from the Court, Plaintiffs have failed to present any evidence which would substantiate a finding that complying with the return requirement of the express warranty was impossible.

### D. Robinson Helicopter Should Not be Estopped from Arguing that Plaintiff Failed to Comply with the Requirements of the Express Warranty

Plaintiffs argue that Robinson Helicopter should be estopped from arguing that Plaintiffs failed to comply with the terms of the express warranty because of statements made by Robinson Helicopter to Mutton that the company intended to "get [Mutton] flying again." Pls.' Mem. in Opp. to Def.'s Mot. for Summ. J. 11–12, ECF No. 39.

Equitable estoppel is "a remedial judicial doctrine employed to [e]nsure fairness, prevent injustice, and do equity. It stems from the venerable judicial prerogative to redress unfairness in the application of otherwise inflexible legal dogma, based on sound public policy and equity." *Spray, Gould & Bowers v. Associated Int'l Ins. Co.*, 84 Cal. Rptr. 2d 552, 558 (Cal. 2d App. Dist. 1999). Under California law, "the party relying upon the doctrine of equitable estoppel must prove the existence of the four required elements essential to its application: (1) that the party to be estopped must be apprised of the facts; (2) [the party to be estopped] must intend that his conduct will be acted upon, or act in such a manner that the party asserting the estoppel could reasonably believe that he intended his conduct to be acted upon; (3) the party asserting the estoppel must be ignorant of the true state of the facts; and (4) [the party asserting the estoppel] must rely upon the conduct to his injury. *Crestline Mobile Homes Mfg. Co. v. Pac. Fin. Corp.*, 356 P.2d 192, 195-96 (Cal. 1960); *see also Rustico v. Intuitive Surgical, Inc.*, 993 F.3d 1085, 1096 (9th Cir. 2021) (same).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

Here, Plaintiffs are unable to meet the second, third, and fourth prongs of the equitable estoppel requirements. Plaintiffs have provided no evidence that Robinson Helicopter intended to induce Plaintiffs to fail to comply with the terms of the express warranty (prong two). To the contrary, there are numerous instances in the record where Robinson Helicopter specifically asks for the Subject Helicopter to be returned. *See, e.g.*, Hanson Decl. Ex. C (April 22, 2019, email from Kurt Robinson to Mutton), ECF No. 39-4 ("Once we receive this information we will reach out to both parties and **request that your aircraft be stored at our facility until the matter is resolved or they release the aircraft**.") (emphasis added); Tauscher Decl. Ex. I (Robinson Helicopter's Repair Estimate), ECF No. 35-1 ("A DETAILED INSPECTION WILL BE PERFORMED **ONCE THE ROTORCRAFT ARRIVES AT RHC'S REPAIR STATION**.") (emphasis added); Tauscher Decl. Ex. J (July 10, 2019, letter from Tim Goetz to Alexander Muszynski III), ECF No. 35-1 ("We believe RHC's proposal is more than generous and relies upon RHC's ability to seek reimbursement from other parties by way of a subrogation action in the name of Releasor(s) if appropriate, with Releasor(s) pledging full cooperation in such action, and **Releasor(s) cooperation in assisting RHC in having the subject helicopter returned to RHC's factory in an expedient manner**.") (emphasis added). For that same reason, Plaintiffs cannot claim that they were ignorant that Robinson Helicopter wanted the Subject Helicopter returned (prong three). Lastly, there is no evidence in the record that Plaintiffs relied upon Robinson Helicopter's statements that they intended to get Mutton flying again to their detriment (prong four). Plaintiffs have not introduced a shred of evidence that they would have complied with the return requirement of the express warranty but opted not to do so because of Robinson Helicopter's statements. Nor can Plaintiffs do so, because Robinson Helicopter consistently made clear that it wanted the Subject Helicopter returned. Additionally, Robinson Helicopter was clear that it believed its settlement offers exceeded what it was required to do under the express warranty. Plaintiffs were aware of difficulties in the settlement process as far back as April 2019. *See, e.g.*, Hanson Decl. Ex. C (June 24, 2019, email from Kurt Robinson to Mutton), ECF No. 39-4 ("The difficulty is the parties involved (and their attorneys) and getting them to reach an agreement. I agree with you that it would be wasteful to litigate this and we are pressing the other parties to work with us to find a solution sooner rather than later."). Accordingly, they should have taken *some* step to preserve their rights under the express warranty. They did not.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

Lastly, the Court notes that Plaintiffs' arguments about Robinson Helicopter's use of the phrase "get [Mutton] flying again" are completely unpersuasive when those statements are situated in the full contexts of the correspondence in which they appear. As far as the record indicates, this phrase was first used by Mutton, not by Robinson Helicopter or Kurt Robinson. Hanson Decl. Ex. C (June 24, 2019, email from Mutton to Kurt Robinson), ECF No. 39-4. When Robinson Helicopter or Kurt Robinson used that phrase, they echoed Mutton's language as an aspirational goal and not as a promise. *See, e.g.*, Hanson Decl. Ex. C (June 24, 2019, email from Kurt Robinson to Mutton), ECF No. 39-4 ("Mr. Goetz is working with your insurance company (and their attorney) **to see *if* we can find a resolution and get you back flying as quickly as possible**.") (emphasis added); Tauscher Decl. Ex. J (July 10, 2019, letter from Tim Goetz to Alexander Muszynski III), ECF No. 35-1 (noting that the letter was intended to "memorialize our discussions regarding **RHC's *proposal* to get Dr. Mutton flying again as soon as possible**.") (emphasis added); Tauscher Decl. Ex. K (March 13, 2020, letter from Catherine Tauscher to Alexander Muszynski III), ECF No. 35-1 ("In response to your correspondence of March 9, 2020, we reiterate that Robinson's offer of a brand new 2020 R44 II helicopter to replace the damaged, but repairable, aircraft involved in the accident was **made in an *effort* to quickly resolve your client's claim and allow him to get back flying**. It is well beyond what Robinson is required to offer under the circumstances.") (emphasis added).

In summary, Robinson Helicopter did nothing to indicate that it was abandoning the required conditions necessary to take advantage of the express warranty. To the contrary, it repeatedly signaled that it wanted the Subject Helicopter returned to it. Estoppel is therefore not appropriate here.

### E. Defendant is Entitled to Summary Judgment on Plaintiffs' Implied Warranty Claim

"[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.'" Cal. Com. Code § 2316.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-02329-SVW-JC | Date | April 3, 2024 |
|---|---|---|---|
| Title | *BC Dental, Inc. et al. v. Robinson Helicopter Company, Inc. et al.* | | |

"Plaintiffs do not contend the waiver of implied warranties is not conspicuous, or out of compliance with U.C.C. §2-316 or Cal. Com. Code §2719." Pls.' Opp. to Def.'s Mot. for Summ. J. 15. Plaintiffs' argument that the Court should find implied warranties not to be waived rest on the fact that this outcome would deny Plaintiffs a remedy. *Id.* at 16. While not the outcome desired by Plaintiffs, the Court is powerless to ignore the plain text of the express warranty simply because it favors the other side.

**V. Conclusion**

The terms of the express warranty control Plaintiffs' express warranty claim. Included in the express warranty are two requirements with which a buyer must comply to invoke the benefits of the warranty: (1) the buyer must submit a written claim and (2) the buyer must return the defective part or assembly to Robinson Helicopter within thirty days of discovery of the defect. While Plaintiffs complied with the written notice requirement, they failed to comply with the return requirement—more than that, they failed to even attempt to comply. As such, they cannot sustain a claim for breach of express warranty. Additionally, Plaintiffs' claims for breach of implied warranty are easily defeated by the fact that the express warranty disclaims any such implied warranty. The Court therefore GRANTS Robinson Helicopter's motion for summary judgment.

The Court also notes that there are additional defendants in this case (HBD Industries, Inc. and HBD/Thermoid, Inc.). There have been no developments in Plaintiffs' case against these Defendants since they filed an answer on August 9, 2023, *see* ECF No. 29. Plaintiffs are ORDERED to show cause within fourteen days as to why the case against these defendants should not be dismissed for lack of prosecution. If they fail to do so, this case will be closed in its entirety.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |